**Charles G. FLOYD, Jr., Plaintiff,**

v.

**The UNITED STATES of America DEPARTMENT OF the TREASURY, OFFICE OF the COMPTROLLER OF the CURRENCY, Defendant.**

**Civ. No. 3:92–CV–2491–H.**

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 11, 1992.

Lawrence J. Friedman, Murray J. Rossini, Friedman & Associates, Dallas, TX, for plaintiff.

Anne L. Weismann, Jennifer E. Kaplan, U.S. Dept. of Justice, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court are Plaintiff's Application for Stay of the Comptroller of the Currency's ["OCC"] Suspension Order, and supporting brief, filed November 30, 1992; and Defendant's Opposition to Plaintiff's Application for Stay, filed December 4, 1992. There shall be no reply. On December 4, 1992, the Court heard Plaintiff's Motion for a Temporary Restraining Order in this matter; the motion was denied.

Plaintiff Charles Floyd is Chairman of the Board and Chief Executive Officer of United Bank, N.A., City of Lancaster, Dallas County, Texas. He owns 98% of the stock of Lancaster Bancshares, which in turn owns 100% of the shares in United Bank. After a preliminary examination of the bank, the OCC on November 20, 1992, issued an interim suspension order prohibiting Plaintiff from any further participation in United Bank's affairs pending the outcome of an administrative hearing. Plaintiff timely applies to the Court to stay the suspension. *See* 12 U.S.C. § 1818(f).

The OCC is authorized by Section 1818(e)(3) of Title 12 to suspend a bank-affiliated party from further participation in the bank's business pending an administrative hearing on the merits of the party's ultimate removal. To invoke this interim suspension power, the OCC must meet the following statutory requirements:

1. The OCC must serve written notice that it intends, after an administrative hearing, to remove the party from his or her position for violations of 12 U.S.C. § 1818(e)(1) or (2). 12 U.S.C. § 1818(e)(3)(A).

2. The OCC must determine that suspension prior to the hearing is "necessary for the protection of the depository institution or the interests of the depository institution's depositors." 12 U.S.C. § 1818(e)(3)(A)(i).

3. The OCC must serve the party with written notice of the interim suspension. 12 U.S.C. § 1818(e)(3)(A)(ii).

With regard to the first and third requirements, the OCC has fulfilled its obligation by serving written notice at United Bank on November 20, 1992. Plaintiff does not dispute that he received notice of the suspension, the OCC's charges, or the removal hearing. *See* Floyd Aff. at 2–3; Transcript of Dec. 4 Hearing. Accordingly, the Court finds notice to have been served effectively.

■ Turning to the OCC's second statutory requirement, the Court finds that the agency has met its burden of showing that immediate suspension is necessary for the protection of the bank and its depositors. To reach that determination, the Court employs traditional equitable analysis. *See (Anonymous) v. FDIC,* 619 F.Supp. 866, 874 n. 30 (D.D.C.1985). After balancing the parties' likelihood of success at the removal hearing, the Plaintiff's likelihood of irreparable injury, the balance of hardships, and the public interest, the Court is of the view that a stay is not warranted in this case.

The OCC's suspension of Plaintiff from the bank is based largely on the affidavit of Joseph T. Chmelka, an experienced examiner who has been in charge of United Bank's examination since October 26, 1992. *See* Chmelka Aff. at 1. According to the OCC, Plaintiff is implicated in, at best, unsound banking practices and, at worst, self-dealing and personal dishonesty in transactions over the past decade.[1] *See* Chmelka Aff. at 1–8. Those activities fall squarely within the prohibitions of Section 1818(e)(1) and, if proven, form the basis of a valid removal.

In rebuttal, Plaintiff argues, among other things, that the suspension is groundless and was ordered solely in retaliation for his vigilance in supervising the propriety of the bank's examination. Floyd Aff. at 3–11. Without usurping the jurisdiction of the administrative court and the Court of Appeals in deciding the merits of this case, *see* 12 U.S.C. § 1818(h), the Court finds only that the OCC offers substantial credible evidence of Section 1818(e)(1) violations. In conjunction with these allegations, the OCC presents evidence that the bank is now in critically unstable financial condition.[2] Given that Plaintiff is in virtually

---

1. Allegations include Plaintiff's making unsound, excessive loans; taking a "kickback" associated with those loans; participating in transactions to buy and sell the bank's building for personal profit at the bank's expense; failing to document large amounts of legal fees paid by the bank, at least some of which may have gone to Plaintiff's personal attorney; and failing to comply with OCC requests for documentation and information.

2. The OCC informs the Court that United Bank's rating was downgraded on November 25, 1992, to a "5," indicating an extremely high immediate

sole control of the bank, the OCC presents a strong factual basis for the necessity of suspension.

Plaintiff argues that he will suffer irreparable injury to his personal and business reputation unless the suspension is stayed. Moreover, he contends that crucial bank litigation and business transactions require his continued presence and expertise. According to the OCC, an administrative hearing on the merits of his removal has been scheduled only a matter of weeks away on January 15, 1993. Under these circumstances, the Court finds Plaintiff's remedy at law to be adequate. Any intervening harm to Plaintiff is outweighed by considerations of the public interest. The preservation of public confidence in the banking industry and the protection of banks and their depositors constitute valid public interests weighing heavily in favor of the OCC. *See FDIC v. Mallen*, 486 U.S. 230, 232, 108 S.Ct. 1780, 1783, 100 L.Ed.2d 265 (1988).

■ Plaintiff presents a final argument that he has been denied due process of law by not receiving notice and an opportunity to be heard prior to imposition of the interim suspension. That claim, however, is without merit. "An important government interest, accompanied by a substantial assurance that the deprivation is not baseless or unwarranted, may in limited cases demanding prompt action justify postponing the opportunity to be heard until after the initial deprivation." *Id.* at 240, 108 S.Ct. at 1787. In this case, the authorizing statute provides sufficient safeguards to ensure that the suspension is neither baseless nor unwarranted. Because the OCC has fulfilled the statutory safeguards, the important governmental interest in protecting the bank and its depositors supports the OCC's prompt action. Plaintiff's opportunity to be heard will occur less than 60 days from the initiation of the suspension. Under these circumstances, prior notice and hearing are not required. *Cf. Mallen*, 486 U.S. at 247–48, 108 S.Ct. at 1791–92

(upholding the constitutionality of 12 U.S.C. § 1818(g), authorizing immediate suspension or removal of a bank-affiliated party charged with a felony).

After weighing all factors, the Court finds the OCC's Suspension Order to have been issued properly under 12 U.S.C. § 1818(e)(3). Plaintiff's motion for a stay of suspension is DENIED. Each party shall bear its costs associated with this motion.

SO ORDERED.

---

or near-term probability of failure unless extreme corrective measures are taken. Chmelka

Aff. at 1; Transcript of Dec. 4 Hearing.